**SECOND DIVISION**
**MERCIER, C. J.,**
**DAVIS, and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 3, 2025**

# In the Court of Appeals of Georgia

A23A1163. MILLIRON v. ANTONAKAKIS.

MERCIER, Chief Judge.

In *Milliron v. Antonakakis*, 369 Ga. App. 121 (1) (891 SE2d 448) (2023) ("*Milliron I*"), we considered and rejected Ryan Milliron's contentions that the trial court improperly dismissed his action requesting injunctive relief against Emmanouil Antonakakis. Specifically, we determined that Milliron had no right to force Antonakakis, a professor employed by the Georgia Institute of Technology ("Georgia Tech"), to produce documents directly to Milliron pursuant to Georgia's Open Records Act, OCGA § 50-18-70 et seq.[1] Subsequently, certiorari was granted on this

---

[1] Milliron also contended that the trial court erred by denying his request to add Georgia Tech as a party to his action and by awarding attorney fees to Antonakakis. In our opinion, we affirmed both the dismissal of Milliron's action for injunctive relief, and the trial court's denial of Milliron's request to add Georgia Tech. *Milliron I*, at

issue, and, in *Milliron v. Antonakakis*, 319 Ga. 616 (905 SE2d 657) (2024) ("*Milliron II*"), our Supreme Court issued the following ruling:

> We granted certiorari in this case to decide two issues: first, whether the Open Records Act, OCGA § 50-18-70 et seq., applies to records held by an individual who is employed by a public agency and who also performs services for that agency as a private contractor where the records sought relate to that individual's services as a private contractor for the agency; and second, if the Open Records Act does apply to such records, whether an open records request can be sent directly to the private contractor or must instead be sent to the agency or the agency's open records officer, assuming one has been designated. For the reasons that follow, we conclude that the Open Records Act applies to such records, and while we agree with the Court of Appeals that an agency may designate an open records officer upon whom all written open records requests to the agency must be made, see OCGA § 50-18-71 (b) (1) (B), we conclude that, even when such an officer has been designated by an agency, a request for public records related to a private contractor's services to a public agency can be served upon non-agency custodians of the relevant public records—including the private contractor if he or she is the custodian of the records sought—and the Court of Appeals erred in concluding otherwise. See *Milliron* [*I*, 369 Ga. App. at 125 (1)]. See also OCGA § 50-18-71 (b) (1) (B) ("A request made pursuant to this article may be made to the custodian of a public record orally or in writing."). We therefore reverse in part the judgment of the Court of Appeals affirming the trial court's grant of the motion to dismiss and remand the case to the Court of Appeals with direction to remand to the trial court for further proceedings.

Id. at 616-617 (footnote omitted). In summary, the Supreme Court held:

---

452-453 (2). However, we vacated the award of attorney fees against Milliron and remanded the case for an evidentiary hearing regarding those fees. Id. at 453-454 (3).

> [B]ecause questions remain to be determined regarding what records may be in Antonakakis's possession, whether those are 'public records' subject to the Open Records Act, and whether Antonakakis is a custodian of public records in this case in his capacity as a private contractor, a remand is required for the trial court to make those determinations.

Id. at 626 (2).

In accordance with the Supreme Court's opinion, we vacate our prior opinion in this matter and adopt the Supreme Court's opinion as our own. Further, in accordance with the Supreme Court's mandate, we vacate the judgment of the trial court, and we remand the case to the trial court for further proceedings with direction to reconsider its rulings in light of *Milliron II.*[2]

*Judgment vacated and case remanded with direction. Hodges, and Davis, JJ., concur.*

---

[2] While not directly addressed by the Supreme Court, its decision regarding dismissal of Milliron's action also potentially affects the trial court's other rulings on adding Georgia Tech as a party and granting attorney fees. For this reason, we vacate the trial court's judgment in its entirety.